**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____   Chapter __11__

○ Check if this an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Promise Healthcare #2, LLC** |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **90-1031913** |

| | | | |
|---|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** | **Mailing address, if different from principal place of business** |
| | | **999 Yamato Road, 3rd FL** **Boca Raton, FL 33431** Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Palm Beach** County | **Location of principal assets, if different from principal place of business** Number, Street, City, State & ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://promisehealthcare.com** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ⊓ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ○ Partnership (excluding LLP) |
| | | ○ Other. Specify: _____ |

Debtor   **Promise Healthcare #2, LLC**                                     Case number (*if known*) _____
_____
Name

**7.**  **Describe debtor's business**   A. *Check one:*

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ○ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ○ Railroad (as defined in 11 U.S.C. § 101(44))

    ○ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ○ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ○ Clearing Bank (as defined in 11 U.S.C. § 781(3))

    ○ None of the above

    B. *Check all that apply*

    ○ Tax-exempt entity (as described in 26 U.S.C. §501)

    ○ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

    ○ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

    C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
      See http://www.uscourts.gov/four-digit-national-association-naics-codes.
      __6223__

**8.**  **Under which chapter of the Bankruptcy Code is the debtor filing?**   *Check one:*

    ○ Chapter 7

    ○ Chapter 9

    ☐ Chapter 11. *Check all that apply*:

        ○ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

        ○ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

        ○ A plan is being filed with this petition.

        ○ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

        ○ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

        ○ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ○ Chapter 12

**9.**  **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

    ☐ No.

    ○ Yes.

If more than 2 cases, attach a separate list.

| District | ____ | When | ____ | Case number | ____ |
| District | ____ | When | ____ | Case number | ____ |

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    ○ No

    ☐ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | **See attached Schedule 1** | Relationship | ____ |
| District | ____ | When ____ | Case number, if known | ____ |

Debtor    **Promise Healthcare #2, LLC**
_____
Name

Case number (*if known*) _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

⌂ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

⌂ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

⌂ No

○ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention? (***Check all that apply.***)**

○ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

○ It needs to be physically secured or protected from the weather.

○ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

○ Other _____

**Where is the property?** _____
                          Number, Street, City, State & ZIP Code

**Is the property insured?**

○ No

○ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

.    *Check one:*

⌂ Funds will be available for distribution to unsecured creditors.

○ After any administrative expenses are paid, no funds will be available to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ⌂ 1-49 | ○ 1,000-5,000 | ○ 25,001-50,000 |
| ○ 50-99 | ○ 5001-10,000 | ○ 50,001-100,000 |
| ○ 100-199 | ○ 10,001-25,000 | ○ More than100,000 |
| ○ 200-999 | | |

---

**15. Estimated Assets**

| | | |
|---|---|---|
| ⌂ $0 - $50,000 | ○ $1,000,001 - $10 million | ○ $500,000,001 - $1 billion |
| ○ $50,001 - $100,000 | ○ $10,000,001 - $50  million | ○ $1,000,000,001 - $10 billion |
| ○ $100,001 - $500,000 | ○ $50,000,001 - $100 million | ○ $10,000,000,001 - $50 billion |
| ○ $500,001 - $1 million | ○ $100,000,001 - $500 million | ○ More than $50 billion |

---

**16. Estimated liabilities**

| | | |
|---|---|---|
| ○ $0 - $50,000 | ○ $1,000,001 - $10 million | ○ $500,000,001 - $1 billion |
| ○ $50,001 - $100,000 | ○ $10,000,001 - $50  million | ○ $1,000,000,001 - $10 billion |
| ○ $100,001 - $500,000 | ⌂ $50,000,001 - $100 million | ○ $10,000,000,001 - $50 billion |
| ○ $500,001 - $1 million | ○ $100,000,001 - $500 million | ○ More than $50 billion |

---

Debtor    **Promise Healthcare #2, LLC**
      Name

Case number (*if known*) _____

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/04/2018
            MM / DD / YYYY

X _____
Signature of authorized representative of debtor

Andrew Hinkelman
_____
Printed name

Title   **Chief Restructuring Officer**

**18. Signature of attorney**

X _____
Signature of attorney for debtor

Date 11/04/2018
MM / DD / YYYY

**STUART M. BROWN**
Printed name

**DLA Piper LLP (US)**
Firm name

**1201 North Market Street**
**Suite 2100**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone   **302-468-5700**     Email address   **stuart.brown@dlapiper.com**

**DE Bar #4050**
Bar number and State

**FORM 201. VOLUNTARY PETITION - Schedule 1**
**Pending Bankruptcy Cases Attachment**

| Debtors | District | Relationship |
|---------|----------|--------------|
| Promise Healthcare Group, LLC | DE | Parent |
| Promise Healthcare Holdings, Inc. | DE | Affiliate |
| Promise Healthcare, Inc. | DE | Affiliate |
| Promise Healthcare #2, Inc. | DE | Affiliate |
| Promise Hospital of Dallas, Inc. | DE | Affiliate |
| Promise Hospital of Overland Park, Inc. | DE | Affiliate |
| Promise Hospital of Wichita Falls, Inc. | DE | Affiliate |
| Promise Skilled Nursing Facility of Overland Park, Inc. | DE | Affiliate |
| Promise Skilled Nursing Facility of Wichita Falls, Inc. | DE | Affiliate |
| Promise Hospital of Phoenix, Inc. | DE | Affiliate |
| Promise Hospital of Ascension, Inc. | DE | Affiliate |
| Promise Hospital of Baton Rouge, Inc. | DE | Affiliate |
| Promise Hospital of Louisiana, Inc. | DE | Affiliate |
| Professional Rehabilitation Hospital, L.L.C. | DE | Affiliate |
| Promise Hospital of Salt Lake, Inc. | DE | Affiliate |
| Promise Hospital of Vicksburg, Inc. | DE | Affiliate |
| HLP of Shreveport, Inc. | DE | Affiliate |
| Bossier Land Acquisition Corp. | DE | Affiliate |
| Promise Hospital of Florida at The Villages, Inc. | DE | Affiliate |
| Promise Hospital of Dade, Inc. | DE | Affiliate |
| Promise Hospital of Lee, Inc. | DE | Affiliate |
| Promise Properties of Dade, Inc. | DE | Affiliate |
| Promise Properties of Lee, Inc. | DE | Affiliate |
| Promise Properties of Shreveport, LLC | DE | Affiliate |
| HLP Healthcare, Inc. | DE | Affiliate |
| Quantum Health, Inc. | DE | Affiliate |
| HLP Properties, Inc. | DE | Affiliate |
| Quantum Properties, L.P. | DE | Affiliate |
| Promise Healthcare of California, Inc. | DE | Affiliate |
| PH-ELA, Inc. | DE | Affiliate |
| Promise Hospital of East Los Angeles, L.P. | DE | Affiliate |
| Success Healthcare, LLC | DE | Affiliate |
| HLP of Los Angeles, LLC | DE | Affiliate |
| Success Healthcare 1, LLC | DE | Affiliate |
| Success Healthcare 2, LLC | DE | Affiliate |
| St. Alexius Hospital Corporation #1 | DE | Affiliate |
| St. Alexius Properties, LLC | DE | Affiliate |
| LH Acquisition, LLC | DE | Affiliate |
| HLP Properties of Vidalia, LLC | DE | Affiliate |
| Vidalia Real Estate Partners, LLC | DE | Affiliate |
| HLP Properties at The Villages, Holdings, LLC | DE | Affiliate |
| HLP Properties at the Villages, L.L.C. | DE | Affiliate |
| Promise Behavioral Health Hospital of Shreveport, Inc. | DE | Affiliate |
| Promise Rejuvenation Centers, Inc. | DE | Affiliate |
| Promise Rejuvenation Center at the Villages, Inc. | DE | Affiliate |
| PHG Technology Development and Services Company, Inc. | DE | Affiliate |

## OMNIBUS WRITTEN CONSENT

### November 4, 2018

Effective as of the date written above, the undersigned, being, collectively, the board of managers of the limited liability company set forth on Schedule A hereto, the board of directors of each corporation set forth on Schedule B hereto, the board of managers of each limited liability company set forth on Schedule C hereto, the sole manager of each limited liability company set forth on Schedule D hereto, the board of managers of the limited liability company set forth on Schedule E hereto, the managing member of the limited liability company set forth on Schedule F hereto, the sole manager of the limited liability company set forth on Schedule G hereto, the sole manager of the limited liability company set forth on Schedule H hereto, the general partner of the limited partnership set forth on Schedule I hereto, and the general partner of the limited partnership set forth on Schedule J hereto (each such governing body, individually, a "Governing Body" and, collectively, the "Governing Bodies". Each of the corporations, limited liability companies, and limited partnerships, as applicable, listed on Schedules A, B, C, D, E, F, G, H, I, and J hereto are referred to individually herein, each as a "Company" and, collectively, the "Companies".) hereby take the following actions and adopt, approve, and ratify the following resolutions by written consent:

WHEREAS, the respective Governing Body of each Company has considered presentations by the management and the financial and legal advisors of such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to them and the effect of the foregoing on such Company's business and enterprise value; and

WHEREAS, the respective Governing Body of each Company has consulted with the management and the financial and legal advisors of such Company and fully considered each of the strategic alternatives available to such Company.

NOW, THEREFORE, BE IT,

RESOLVED, that in the judgment of the respective Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to file or cause to be filed a voluntary petition for relief (each, individually, a "Chapter 11 Case" and, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court");

FURTHER RESOLVED, that effective immediately each Company accepts the resignation of and hereby removes James Hopwood as VP, CFO, and Treasurer of each Company;

FURTHER RESOLVED, that effective immediately Andrew Hinkelman is hereby appointed as Interim Chief Financial Officer and Chief Restructuring Officer of each Company,

to act on behalf of each Company in the transaction of the business of the Company and to serve as such at the pleasure of the Governing Body of each Company, until the appointment of his successor or until his earlier resignation or removal;

FURTHER RESOLVED, that each individual listed as an Officer of each Company on Schedules A, B, C, D, E, F, G, H, I, and J hereto, as applicable, in his or her capacity as described on such Schedules (each, individually, an "Authorized Officer" and, collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and hereby is, authorized, empowered and directed to execute and file in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof, which acts on behalf of each such limited partnership) all petitions, schedules, lists, applications, and motions, papers, instruments and documents, and to take any and all action that he deems necessary or proper to obtain such relief, including, without limitation, (i) any action necessary to maintain the ordinary course operation of each Company's business, and (ii) obtain credit, grant liens and adequate protection, and sell assets free and clear of liens, claims, encumbrances and the rights of others, propose plans of reorganization or liquidation and take any and all other actions necessary for the successful prosecution of the Chapter 11 Cases, provided that in the case of this clause (ii), such action shall first have been expressly approved by the respective Governing Body;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof) the law firms of Waller Lansden Dortch & Davis, LLP, DLA Piper LLP (US), Butler Snow LLP, and such other law firms as may be employed by an Authorized Officer (collectively, the "Bankruptcy Counsel") as general or special bankruptcy co-counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any pleadings; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Bankruptcy Counsel;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firms FTI Consulting as financial and restructuring advisor, and Houlihan Lokey and MTS Health Partners, L.P., as investment bankers (collectively, the "Financial Advisors") to, among other things, assist each Company in evaluating its business and prospects, developing a long-term business plan, developing financial data for evaluation by its Governing Body, creditors, or other third parties, in each case, as requested by such Company, evaluating such Company's capital structure, responding to issues related to such Company's financial liquidity, and in any sale, reorganization, business combination, or similar disposition of such Company's assets; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of the Financial Advisors;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC as notice and claims agent to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Prime Clerk LLC;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof) any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code and other applicable laws, regulations and rules in the ordinary course of each Company's business; and in connection therewith, each Authorized Officer, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered and directed in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof) to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of each such case;

FURTHER RESOLVED, that in the judgment of the respective Governing Body of each Company, it is desirable and in the best interests of such Company, its creditors and other parties in interest, that such Company shall be, and hereby is, authorized to obtain senior secured superpriority postpetition financing (the "DIP Financing") on the terms and conditions of the proposed debtor in possession financing agreement or term sheet between the applicable Companies, as borrowers or guarantors, as applicable, the financial institutions from time to time party thereto as lenders (the "DIP Lenders"), the administrative agent and collateral agent (in such capacities, the "DIP Agent"), and other agents and entities from time to time party thereto substantially in the form presented to each Governing Body on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof and to grant to the DIP Agent for itself and for the benefit of the DIP Lenders liens on substantially all of the Companies' assets with priority under sections 364(c) and (d) of the Bankruptcy Code;

FURTHER RESOLVED, that each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Credit Agreement dated as of March 21, 2016, by and among Promise Healthcare Group, LLC, as "Parent", certain other Companies, as "Borrowers" and "Guarantors", as applicable, certain financial institutions from time to time party thereto as "Lenders", and Wells Fargo Bank, National Association, as administrative agent for such Lenders;

FURTHER RESOLVED, that, in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim DIP order substantially in the form presented to the Board on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officer's execution and delivery thereof, (the "Interim DIP Order") to be submitted for approval to the Bankruptcy Court;

FURTHER RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which each Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each Authorized Officer be, and hereby is, authorized and empowered, in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof), to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim DIP Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which such Company is or will be a party, including, but not limited to any security and pledge agreement or guaranty agreement (collectively with the Interim DIP Order, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof presented to the respective Governing Body of each Company on or in advance of the date hereof, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by an Authorized Officers' execution and delivery thereof;

FURTHER RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to negotiate and incur the Adequate Protection Obligations, grant liens, make periodic payments, and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions");

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed, and empowered in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in his reasonable discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments,

guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of each Company that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim DIP Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Interim DIP Order;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute and deliver subordination agreements as may be required by the DIP Agent, subordinating any lien or security interest held by such Company on the real property of any other Company to any lien or security interest on the real property of such other Company granted to the DIP Agent by such other Company pursuant to the DIP Documents;

FURTHER RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of adequate protection, appropriate fees and expenses payable in connection with the Adequate Protection Transactions and appropriate fees and expenses incurred by or on behalf of such Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in his sole judgment be necessary, proper, or advisable to perform any of such Company's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

FURTHER RESOLVED, that, in addition to the specific authorizations heretofore conferred upon each Authorized Officer, each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof), to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all

expenses, including but not limited to filing fees, in each case as in such Authorized Officer's (or his designees' or delegates') judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the respective Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waives any right to have received such notice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof), which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the respective Governing Body of each Company; and

FURTHER RESOLVED, that each Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of and on behalf of each Company (except with respect to each Company that is a limited partnership, for which each Authorized Officer is acting on behalf of the respective general partner thereof), with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

This consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned have executed this consent as of the date first written above.

DocuSigned by:

*James Brown*

—41372453D967447...

James F. Brown

DocuSigned by:

*KEITH KENNEDY*

—8D591EEE39B047D...

Keith W. Kennedy

DocuSigned by:

—B540BB1018A34AD...

Michael Keller

DocuSigned by:

*Edmund C. Woodbury*

—83F30C7535284AB...

Edmund C. Woodbury

BEING ALL OF THE MEMBERS OF THE BOARD OF MANAGERS OF THE COMPANY LISTED ON SCHEDULE A.

DocuSigned by:

*James Brown*

—41372453D967447...

James F. Brown

DocuSigned by:

*KEITH KENNEDY*

—8D591EEE39B047D...

Keith W. Kennedy

BEING ALL THE MEMBERS OF THE BOARD OF DIRECTORS OF EACH COMPANY LISTED ON SCHEDULE B.

DocuSigned by:

*James Brown*

—41372453D967447...

James F. Brown

DocuSigned by:

*KEITH KENNEDY*

—8D591EEE39B047D...

Keith W. Kennedy

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF EACH COMPANY LISTED ON SCHEDULE C.

PROMISE HEALTHCARE, INC.

By: _____

Name:  Suzanne Sterling

Title:   Executive Vice President and Secretary

BEING THE SOLE MANAGER OF EACH COMPANY LISTED ON SCHEDULE D.

_____

James F. Brown

_____

Keith W. Kennedy

BEING ALL THE MEMBERS OF THE BOARD OF MANAGERS OF EACH COMPANY LISTED ON SCHEDULE E.

HLP PROPERTIES OF VIDALIA, LLC

By: Promise Healthcare, Inc., its sole manager

    By: _____

    Name:  Suzanne Sterling

    Title:   Executive Vice President and Secretary

BEING THE MANAGING MEMBER OF THE COMPANY LISTED ON SCHEDULE F.

SUCCESS HEALTHCARE, LLC

By: _____

Name:  Suzanne Sterling

Title:   Executive Vice President and Secretary

BEING THE SOLE MANAGER OF THE COMPANY LISTED ON SCHEDULE G.

SUCCESS HEALTHCARE 2, LLC

By: _____

Name:  Suzanne Sterling

Title:   Executive Vice President and Secretary

BEING THE SOLE MANAGER OF THE COMPANY LISTED ON <u>SCHEDULE H</u>.


PROMISE HEALTHCARE OF CALIFORNIA, INC.

By: _Suzanne Sterling_____
Name: Suzanne Sterling
Title:   Executive Vice President and Secretary

BEING THE GENERAL PARTNER OF THE COMPANY LISTED ON <u>SCHEDULE I</u>.


HLP PROPERTIES, INC.

By: _Suzanne Sterling_____
Name: Suzanne Sterling
Title:   Executive Vice President and Secretary


BEING THE GENERAL PARTNER OF THE COMPANY LISTED ON <u>SCHEDULE J</u>.

**Schedule A**

|  | Name of Company | Sole Member/Officers |
|---|---|---|
| 1. | Promise Healthcare Group, LLC | Board of Managers:<br>Michael Keller<br>Edmund C. Woodbury<br>James F. Brown<br>Keith W. Kennedy<br><br><br>Officers:<br>Charles Posternack, President<br>Suzanne Sterling, Executive Vice President and Secretary<br>Andrew Hinkelman, Interim Chief Financial Officer and Chief Restructuring Officer |

**Schedule B**

| | Name of Company | Board of Directors/Officers |
|---|---|---|
| 1. | Promise Hospital of Ascension, Inc. | Board of Directors: |
| 2. | Promise Hospital of Baton Rouge, Inc. | James F. Brown |
| 3. | Promise Hospital of Dade, Inc. | Keith W. Kennedy |
| 4. | Promise Hospital of Dallas, Inc. | |
| 5. | Promise Hospital of Florida at the Villages, Inc. | Officers: |
| 6. | Promise Hospital of Lee, Inc. | Charles Posternack, President |
| 7. | Promise Hospital of Louisiana, Inc. | Suzanne Sterling, Executive Vice President and Secretary |
| 8. | Promise Hospital of Overland Park, Inc. | Andrew Hinkelman, Interim Chief Financial Officer and Chief Restructuring Officer |
| 9. | Promise Hospital of Phoenix, Inc. | |
| 10. | Promise Hospital of Salt Lake, Inc. | |
| 11. | Promise Hospital of Vicksburg, Inc. | |
| 12. | Promise Hospital of Wichita Falls, Inc. | |
| 13. | Promise Skilled Nursing Facility of Overland Park, Inc. | |
| 14. | Promise Skilled Nursing Facility of Wichita Falls, Inc. | |
| 15. | Quantum Health, Inc. | |
| 16. | St. Alexius Hospital Corporation #1 | |
| 17. | HLP Healthcare, Inc. | |
| 18. | PH-ELA, Inc. | |
| 19. | Promise Healthcare #2, Inc. | |
| 20. | Promise Healthcare of California, Inc. | |
| 21. | Promise Healthcare Holdings, Inc. | |
| 22. | Promise Healthcare, Inc. | |
| 23. | Promise Properties of Dade, Inc. | |
| 24. | Promise Properties of Lee, Inc. | |
| 25. | HLP of Shreveport, Inc. | |
| 26. | Bossier Land Acquisition Corp. | |
| 27. | HLP Properties, Inc. | |
| 28. | PHG Technology Development and Services Company, Inc. | |
| 29. | Promise Behavioral Health Hospital of Shreveport, Inc. | |
| 30. | Promise Rejuvenation Centers, Inc. | |
| 31. | Promise Rejuvenation Centers at the Villages, Inc. | |

## **Schedule C**

| | Name of Company | Board of Managers/Officers |
|---|---|---|
| 1. | Success Healthcare, LLC | <u>Board of Managers</u>: |
| 2. | Success Healthcare 1, LLC | James F. Brown |
| 3. | Success Healthcare 2, LLC | Keith W. Kennedy |
| 4. | Promise Properties of Shreveport, LLC | <br><u>Officers</u>:<br>Charles Posternack, President<br>Suzanne Sterling, Executive Vice President and Secretary<br>Andrew Hinkelman, Interim Chief Financial Officer and Chief Restructuring Officer |

## Schedule D

| | Name of Company | Sole Member/Officers |
|---|---|---|
| 1. | Professional Rehabilitation Hospital, L.L.C. | Sole Manager: |
| 2. | HLP Properties at The Villages Holdings, LLC | Promise Healthcare, Inc. |
| 3. | HLP Properties of Vidalia, LLC | |
| 4. | LH Acquisition, LLC | Officers: <br> N/A |

## Schedule E

| | Name of Company | Board of Directors/Officers |
|---|---|---|
| 1. | HLP Properties at the Villages, L.L.C. | Board of Managers:<br>James F. Brown<br>Keith W. Kennedy<br><br>Officers:<br>Charles Posternack, President<br>Suzanne Sterling, Executive Vice President and Secretary<br>Andrew Hinkelman, Interim Chief Financial Officer and Chief Restructuring Officer |

**Schedule F**

|   | Name of Company | Managing Member/Officers |
|---|---|---|
| 1. | Vidalia Real Estate Partners, LLC | Managing Member: HLP Properties of Vidalia, LLC<br><br>Officers: N/A |

## Schedule G

| | Name of Company | Sole Manager/Officers |
|---|---|---|
| 1. | HLP of Los Angeles, LLC | Sole Manager: <br> Success Healthcare, LLC <br><br> Officers: <br> N/A |

**Schedule H**

| | Name of Company | Sole Manager/Officers |
|---|---|---|
| 1. | St. Alexius Properties, LLC | Sole Manager: <br> Success Healthcare 2, LLC <br><br> Officers: <br> N/A |

## Schedule I

| | Name of Company | General Partner/Officers |
|---|---|---|
| 1. | Promise Hospital of East Los Angeles, L.P. | <u>General Partner</u>:<br>Promise Healthcare of California, Inc.<br><br><u>Officers</u>:<br>N/A |

## Schedule J

|  | Name of Company | General Partner/Officers |
|---|---|---|
| 1. | Quantum Properties, L.P. | General Partner: <br> HLP Properties, Inc. <br><br> Officers: <br> N/A |

**Fill in this information to identify the case:**

Debtor name:  PROMISE HEALTHCARE GROUP, LLC, et al.

United States Bankruptcy Court for the:  District of Delaware

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | HEB ABABA, RONALDOE GUTIERREZ, AND YOLANDA PENNEY ATTN: Joseph Antonelli, Esq.  & Janelle Carney, Esq. C/O LAW OFFICE OF JOSEPH ANTONELLI 14758 PIPELINE AVE, SUITE E, 2ND FLOOR CHINO HILLS, CA 91709 | HEB ABABA, RONALDOE GUTIERREZ, AND YOLANDA PENNEY ATTN: Joseph Antonelli, Esq.  & Janelle Carney, Esq. PHONE: 909.393.0223 FAX: 909.393.0471 EMAIL: jantonelli@antonellilaw.com | Lititgation Settlement | | | | $3,324,801.00 |
| 2 | CARDINAL HEALTH PHARMA ATTN: Tyronza Walton 7000 CARDINAL PLACE DUBLIN, OH 43017 | CARDINAL HEALTH PHARMA ATTN: Tyronza Walton PHONE: 614.553.3154 FAX: 614.652.4117 fax EMAIL: Tyronza.Walton@cardinalhealth.com | Trade Payable | | | | $1,750,290.49 |
| 3 | RXBENEFITS, INC ATTN: Brian Friedenberg 3599 BLUE LAKE DRIVE SUITE 200 BIRMINGHAM, AL 35243 | RXBENEFITS, INC ATTN: Brian Friedenberg PHONE: 205.789.5991 FAX: 205.980.2354 EMAIL: generalinfo@rxbenefits.com | Trade Payable | | | | $1,446,879.76 |
| 4 | PACIFIC NATIONAL GROUP ATTN: Steve Matheson 2392 SOUTH BATEMAN AVENUE IRWINDALE, CA 91010 | PACIFIC NATIONAL GROUP ATTN: Steve Matheson PHONE: 626.357.4400 FAX: (626) 256.9550 EMAIL: info@pacnatgroup.com | Lititgation Settlement | | | | $1,324,512.24 |
| 5 | MEDCENTRIS ATTN: Pete Hartley 46 LOUIS PRIMA DRIVE SUITE A ATTN: LAURA BEGNAUD COVINGTON, LA 70433 | MEDCENTRIS ATTN: Pete Hartley PHONE: 855 432.5328 FAX: EMAIL: pete.hartley@medcentris.com | Trade Payable | | | | $1,303,347.59 |
| 6 | FREEDOM MEDICAL, INC. ATTN: Eric S. Wenzel 219 WELSH POOL ROAD EXTON, PA 19341 | FREEDOM MEDICAL, INC. ATTN: Eric S. Wenzel PHONE: 610 903.0200 Ext 153 FAX: 610.903.0180 EMAIL: ewenzel@freedommedical.com | Trade Payable | | | | $1,206,955.66 |
| 7 | CAREFUSION 211, INC. ATTN: Audrey Spencer 88253 EXPEDITE WAY CHICAGO, IL 60695 | CAREFUSION 211, INC. ATTN: Audrey Spencer PHONE: 217 568 6539 x118006 FAX: EMAIL: Audrey.Spencer@vyaire.com | Trade Payable | | | | $1,036,882.83 |
| 8 | PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY ATTN: KEVIN AUSTIN ASHLEY C/O PETERSON AND MYERES, P.A. 242 W. CENTRAL AVENUE WINTER HAVEN, FL 33880 | PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSURANCE COMPANY ATTN: KEVIN AUSTIN ASHLEY PHONE: 863.294.3360 FAX: 863.293.4104 EMAIL: Kashley@petersonmyers.com | Litigation Settlement | | | | $955,612.05 |
| 9 | MORRISON ATTN: Tracy Rogge 400 NORTHRIDGE ROAD SUITE 600 ATLANTA, GA 30350 | MORRISON ATTN: Tracy Rogge PHONE: 404.236.7928 FAX: 404.660.9166 EMAIL: tracyrogge@iammorrison.com | Trade Payable | | | | $942,838.15 |
| 10 | INTERMOUNTAIN/LDS ATTN: Monte Crockett 36 S. STATE STREET SALT LAKE CITY, UT 84111 | INTERMOUNTAIN/LDS ATTN: Monte Crockett PHONE: 801 442.2000 FAX: EMAIL: Monte.Crockett@imail.org | Trade Payable | | | | $873,559.84 |
| 11 | AMERIHEALTH CARITAS LOUSIANA, INC. ATTN: Robert Lewis Rieger , Jr. C/O ADAMS & REESE, LP-SR 450 LAUREL STREET, SUITE 1900 BATON ROGUE, LA 70801 | AMERIHEALTH CARITAS LOUSIANA, INC. ATTN: Robert Lewis Rieger , Jr. PHONE: 225.336.5200 FAX: 225.336.5200 EMAIL: robert.rieger@arlaw.com | Litigation Settlement | | | | $821,896.00 |
| 12 | M*MODAL SERVICES, LTD ATTN: Kashyap Joshi 5000 MERIDIAN BOULEVARD SUITE 200 FRANKLIN, TN 37067 | M*MODAL SERVICES, LTD ATTN: Kashyap Joshi PHONE: 615 798 3572 FAX: EMAIL: kashyap.joshi@mmodal.com | Trade Payable | | | | $755,158.19 |

Debtor PROMISE HEALTHCARE GROUP, LLC, et al.                                                                    Case number (if known) _____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 13 ORACLE AMERICA INC ATTN: David Trasatti 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 | ORACLE AMERICA INC ATTN: David Trasatti PHONE: +1 617 510 4922 FAX: EMAIL: david.trasatti@oracle.com | Trade Payable | | | | $740,013.88 |
| 14 WILLIS-KNIGHTON HEALTH SYSTEM ATTN: Wendy Ward CORPORATE OFFICE 2600 GREENWOOD ROAD SHREVEPORT, LA 71103 | WILLIS-KNIGHTON HEALTH SYSTEM ATTN: Wendy Ward PHONE: 318 212.4030 FAX: EMAIL: wward@wkhs.com | Trade Payable | | | | $627,497.39 |
| 15 LEWIS BRISBOIS ATTN: Jeff Ranen 633 W FIFTH STREET SUITE 4000 LOS ANGELES, CA 90071 | LEWIS BRISBOIS ATTN: Jeff Ranen PHONE: 213.580.3921 FAX: EMAIL: Jeffrey.Ranen@lewisbrisbois.com | Professional Services | | | | $615,560.13 |
| 16 MEDLINE INDUSTRIES, INC. ATTN: Lisa Foreman 3 LAKES DR NORTHFIELD, IL 60093 | MEDLINE INDUSTRIES, INC. ATTN: Lisa Foreman PHONE: 847.643.4233 FAX: 847.9492287 EMAIL: lforeman@medline.com | Trade Payable | | | | $614,027.12 |
| 17 CAREFUSION SOLUTIONS, LLC ATTN: Sonya Sandsmark 25082 NETWORK PLACE  SUITE #205 CHICAGO, IL 60673-1250 | CAREFUSION SOLUTIONS, LLC ATTN: Sonya Sandsmark PHONE: 858.617.2812 FAX: EMAIL: Sonya.Sandsmark@bd.com | Trade Payable | | | | $582,678.65 |
| 18 PARAMOUNT GENERAL HOSPITAL ATTN: Lynda Mecoli 21520 S. PIONEER BLVD. SUITE # 205 HAWAIIAN GARDENS, CA 90716 | PARAMOUNT GENERAL HOSPITAL ATTN: Lynda Mecoli PHONE: 954.454.6640 FAX: EMAIL: Lynda@immpco.com | Landlord | | | | $504,577.14 |
| 19 PARKLAND HEALTH & HOSPITAL SYSTEMS ATTN: Keri Disney-Story 5200 HARRY HINES BLVD DALLAS, TX 75235 | PARKLAND HEALTH & HOSPITAL SYSTEMS ATTN: Keri Disney-Story PHONE: 214 590 4171 FAX: EMAIL: keri.disney-story@phhs.org | Trade Payable | | | | $440,929.42 |
| 20 EAST BATON ROUGE MED. CNTR-ANC SVCS ATTN: Stephanie Bushart 17000 MEDICAL CENTER DRIVE BATON ROUGE, LA 70816 | EAST BATON ROUGE MED. CNTR-ANC SVCS ATTN: Stephanie Bushart PHONE: 225 7522470 FAX: EMAIL: stephanie.bushart@ochsner.org | Trade Payable | | | | $431,879.80 |
| 21 IRON MOUNTAIN, INC ATTN: Frank Willard 2000 LONE STAR DRIVE DALLAS, TX 75235 | IRON MOUNTAIN, INC ATTN: Frank Willard PHONE: 610.427.9152 FAX: EMAIL: Frank.Willard@ironmountain.com | Trade Payable | | | | $431,785.94 |
| 22 BUCHALTER NEMER ATTN: Mary Rose 1000 WILSHIRE BOULEVARD SUITE 1500 LOS ANGELES, CA 90017 | BUCHALTER NEMER ATTN: Mary Rose PHONE: 213 891.5727 FAX: (213) 896.0400 EMAIL: mrose@buchalter.com | Professional Services | | | | $420,399.57 |
| 23 QUESTCARE MEDICAL SERVICES, PLLC ATTN: 7032 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | QUESTCARE MEDICAL SERVICES, PLLC ATTN: PHONE: 800 369 8397 FAX: 214.217.1901 EMAIL: | Trade Payable | | | | $407,816.12 |
| 24 HURON CONSULTING GROUP, INC ATTN: Holly Katz 1 BATTERYMARCH PARK SUITE 311 QUINCY, MA 2169 | HURON CONSULTING GROUP, INC ATTN: Holly Katz PHONE: 312.235.8520 FAX: EMAIL: hkatz@huronconsultinggroup.com | Professional Services | | | | $385,018.82 |
| 25 STEALTH PARTNER GROUP ATTN: 18940 NORTH PIMA ROAD SUITE 210 SCOTTSDALE, AZ 85255 | STEALTH PARTNER GROUP ATTN: PHONE: 480.397.5800 FAX: 480.397.5811 EMAIL: contactus@stealthpartnergroup.com | Trade Payable | | | | $353,317.04 |
| 26 VSH2008 LLC - RENT ATTN: Danny Brown PO Box 800 ST. FRANCISVILLE, LA 70775 | VSH2008 LLC - RENT ATTN: Danny Brown PHONE: 225 571 7133 FAX: EMAIL: danbrown1957@yahoo.com | Landlord | | | | $340,175.26 |
| 27 BOSTON SCIENTIFIC CORPORATION ATTN: Emilia Correia ONE BOSTON SCIENTIFIC PLACE NATICK, MA 1760 | BOSTON SCIENTIFIC CORPORATION ATTN: Emilia Correia PHONE: 979-690-7799 FAX: EMAIL: emilia.correia@bsci.com | Trade Payable | | | | $312,099.88 |
| 28 CAPE CORAL HOSPITAL ATTN: Cheryl MacKinnon 636 DEL PRADO BLVD CAPE CORAL, FL 33990 | CAPE CORAL HOSPITAL ATTN: Cheryl MacKinnon PHONE: 239-424-1509 FAX: 239-343-1599 EMAIL: Cheryl.MacKinnon@LeeHealth.org | Trade Payable | | | | $307,992.78 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim(for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 29 | EFFICIENT MANAGEMENT RESOURCE SYSTEMS, INC. ATTN: Steven M. Goldsobel C/O LAW OFFICES OF STEVEN GOLDSOBEL, A PROFESSIONAL CORPORATION 1901 AVENUE OF THE STARS, SUITE 1750 LOS ANGELES, CA 90067 | EFFICIENT MANAGEMENT RESOURCE SYSTEMS, INC. ATTN: Steven M. Goldsobel PHONE: 310.552.4848 FAX: 310.695.3860 EMAIL: steve@sgoldsobel.com | Litigation | Y | | | Unliquidated |
| 30 | SURGICAL PROGRAM DEVELOPMENT ATTN: Steven M. Goldsobel C/O LAW OFFICES OF STEVEN GOLDSOBEL, A PROFESSIONAL CORPORATION 1901 AVENUE OF THE STARS, SUITE 1750 LOS ANGELES, CA 90067 | SURGICAL PROGRAM DEVELOPMENT ATTN: Steven M. Goldsobel PHONE: 310.552.4848 FAX: 310.695.3860 EMAIL: steve@sgoldsobel.com | Litigation | Y | | | Unliquidated |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------------x
                                              :
In re:                                        :  Chapter 11
                                              :
PROMISE HEALTHCARE GROUP, LLC, et al.,¹       :  Case No. 18-_____ (_____)
                                              :
           Debtors.                           :  (Joint Administration Requested)
-------------------------------------------------------------x
```

**COMBINED CORPORATE OWNERSHIP STATEMENT
AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO
<u>FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), and 7007.1</u>**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Promise Healthcare Group, a Delaware limited liability company, and certain of its affiliates, who are each debtors and debtors in possession in the above-captioned cases (each a "Debtor"), hereby states as follows:

1. Promise Healthcare Group, LLC, is the direct or indirect parent of each of the other Debtors. Promise Healthcare Group, LLC is 100% owned by the non-debtor entities and individuals listed on Exhibit A, attached hereto.

---

¹ The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are as follows: HLP HealthCare, Inc. (8381), PH-ELA, Inc. (9180), Professional Rehabilitation Hospital, L.L.C. (5340), Promise Healthcare #2, Inc. (1913), Promise Healthcare Group, LLC (1895), Promise Healthcare Holdings, Inc. (2601), Bossier Land Acquisition Corp. (6644), HLP of Los Angeles, LLC (9102), HLP of Shreveport, Inc. (1708), HLP Properties at The Villages Holdings, LLC (0006), HLP Properties at the Villages, L.L.C. (1938), HLP Properties of Vidalia, LLC (4255), HLP Properties, Inc. (0068), Promise Healthcare of California, Inc. (9179),  Promise Healthcare, Inc. (7953), Promise Hospital of Ascension, Inc. (9219), Promise Hospital of Baton Rouge, Inc. (8831), Promise Hospital of Dade, Inc. (7837), Promise Hospital of Dallas, Inc. (0240), Promise Hospital of East Los Angeles, L.P. (4671), Promise Hospital of Florida at The Villages, Inc. (2171), Promise Hospital of Louisiana, Inc. (4886), Promise Hospital of Lee, Inc. (8552), Promise Hospital of Overland Park, Inc. (5562), Promise Hospital of Phoenix, Inc. (1318), Promise Hospital of Salt Lake, Inc. (0659), Promise Hospital of Vicksburg, Inc. (2834), Promise Hospital of Wichita Falls, Inc. (4104), Promise Properties of Dade, Inc. (1592), Promise Properties of Lee, Inc. (9065), Promise Properties of Shreveport, LLC (9057), Promise Skilled Nursing Facility of Overland Park, Inc. (5752), Promise Skilled Nursing Facility of Wichita Falls, Inc. (1791), Quantum Health, Inc. (4298), Quantum Properties, L.P. (8203), St. Alexius Hospital Corporation #1 (2766), St. Alexius Properties, LLC (4610), Success Healthcare 1, LLC (6535), Success Healthcare 2, LLC (8861), Success Healthcare, LLC (1604), Vidalia Real Estate Partners, LLC (4947), LH Acquisition, LLC (2328), Promise Behavioral Health Hospital of Shreveport, Inc. (1823), Promise Rejuvenation Centers, Inc. (7301), Promise Rejuvenation Center at the Villages, Inc. (7529), and PHG Technology Development and Services Company, Inc. (7766).  The mailing address for the Debtors, solely for purposes of notices and communications, is 999 Yamato Road, 3rd FL, Boca Raton, FL  33431.

2. Promise Healthcare Holdings, Inc. and Success Healthcare, LLC are 100% owned by Promise Healthcare Group, LLC.

3. The Debtors listed below are 100% owned by Success Healthcare, LLC:
   - HLP of Los Angeles, LLC
   - Success Healthcare 1, LLC
   - Success Healthcare 2, LLC

4. St. Alexius Hospital Corporation #1 and St. Alexius Properties, LLC are 100% owned by Success Healthcare 2, LLC

5. Promise Healthcare, Inc. is 96% owned by Promise Healthcare Holdings, Inc. and 4% by non-debtor minority Shareholders.

6. The Debtors listed below are 100% owned by Promise Healthcare, Inc.:
   - Promise Healthcare #2, Inc.
   - Promise Hospital of Phoenix, Inc.
   - Promise Hospital of Ascension, Inc.
   - Promise Hospital of Baton Rouge, Inc.
   - Promise Hospital of Louisiana, Inc.
   - Promise Hospital of Salt Lake, Inc.
   - Promise Hospital of Vicksburg, Inc.
   - HLP of Shreveport, Inc.
   - Bossier Land Acquisition Corp.
   - Promise Hospital of Florida at The Villages, Inc.
   - Promise Hospital of Dade, Inc.
   - Promise Hospital of Lee, Inc.
   - Promise Properties of Dade, Inc.
   - Promise Properties of Lee, Inc.
   - Promise Properties of Shreveport, LLC
   - LH Acquisition, LLC
   - HLP Properties at The Villages Holdings, L.L.C.
   - HLP Healthcare, Inc.
   - HLP Properties, Inc.
   - HLP Properties of Vidalia, LLC
   - PHG Technology Development and Services Company, Inc.
   - Promise Healthcare of California, Inc.
   - PH-ELA, Inc.
   - Promise Rejuvenation Centers, Inc.
   - Promise Rejuvenation Center at The Villages, Inc.
   - Promise Behavioral Health Hospital of Shreveport, Inc.

7. The Debtors listed below are 100% owned by Promise Healthcare #2, Inc.:
   - Promise Hospital of Dallas, Inc.
   - Promise Hospital of Overland Park, Inc.
   - Promise Hospital of Wichita Falls, Inc.
   - Promise Skilled Nursing Facility of Overland Park, Inc.

- Promise Skilled Nursing Facility of Wichita Falls, Inc.

8. Professional Rehabilitation Hospital, L.L.C. is 78% owned by Promise Healthcare, Inc., 11% owned by non-debtor Dr. Barry Tillman, and 11% owned by non-debtor Dr. C. Randolph Tillman.

9. HLP Properties at The Villages, L.L.C. is 100% owned by HLP Properties at The Villages Holdings, LLC.

10. Quantum Health, Inc. is 100% owned by HLP Healthcare, Inc.

11. Quantum Properties Inc. is 75% owned by HLP Properties, Inc., and 25% owned by non-debtors Mohammed Bari Trust, Saleem Ishaque Trust, Roy Rodriquez Trust, Robert Bradley Sanders Trust and Tan The Nguyen Trust.

12. Vidalia Real Estate Partners, LLC is 75% owned by HLP Properties of Vidalia and 22 % owned by non-debtor Louisiana Riverfront Development, LLC.

13. Promise Healthcare of California, Inc. is the general partner of Promise Hospital of East Los Angeles, L.P., and PH-ELA, Inc. is the limited partner of Promise Hospital East Los Angeles, L.P.

## **<u>Exhibit A</u>**

**List of Investors of Promise Healthcare Group, LLC**

| | Name | Approved PHG LLC % |
|---|---|---|
| 1 | FP Offshore, Ltd. | 31.15 |
| 2 | CVP LLC SPV Series I | 30.25 |
| 3 | Belmont Strategic Income Fund, LP | 8.02 |
| 4 | Magna Carta Life Insurance Ltd. | 1.97 |
| 5 | Texas Flying Legends Museum's assigned interest from Marco LP | 1.82 |
| 6 | Chariot Stable Asset Fund LP | 1.64 |
| 7 | Haines All-Seasons Select Fund I, LLC | 1.30 |
| 8 | Guerrieri Investment Partnerships A & B | 1.30 |
| 9 | Mingaladon, LP | 1.04 |
| 10 | Serlin, Marsha | 1.04 |
| 11 | Haslinger Diversified Ventures, Ltd. | 0.91 |
| 12 | TJNJH Investment Partnership Stable Value Fund | 0.88 |
| 13 | CVP SPV LLC Series III | 0.71 |
| 14 | Haines All-Seasons Select Fund II, LLC | 0.55 |
| 15 | Pietranek, Richard J. | 0.53 |
| 16 | Breslow, John A. | 0.52 |
| 17 | Stoll Residuary Trust | 0.52 |
| 18 | Jerrold R Glass Trustee, Jerrold R Glass Trust | 0.52 |
| 19 | Garfinkel, Eric and Diane | 0.52 |
| 20 | Jupiter Fund Series | 0.46 |
| 21 | Katherine L. Olson Trust | 0.45 |
| 22 | Pasculano, Lynne | 0.39 |
| 23 | Stuttgart LP | 0.39 |
| 24 | MJA Innovative Income Fund, LP | 0.39 |
| 25 | J Thomas McMurray | 0.39 |
| 26 | David A. Muslin Trust | 0.38 |
| 27 | Heinrich Winter or Birgitt Winter Survivorship Marital Property Account | 0.37 |
| 28 | Frain, Richard and Tamberly | 0.36 |
| 29 | Robert Scot Building Venture | 0.34 |
| 30 | Jupiter Fund Plus Series | 0.33 |
| 31 | Takoma Alpha Dedicated Fund Series (Interests of the Sali Multi- Serie | 0.32 |
| 32 | Willow Springs Charitable Trust | 0.32 |
| 33 | Cora, William J. | 0.30 |
| 34 | TJNJH Investment Partnership Hybrid Value Fund | 0.26 |
| 35 | Galt, Errol T. | 0.26 |
| 36 | Breslow, Sonia M. | 0.26 |
| 37 | Katherin L. Olson Trust B | 0.26 |

| | | |
|---|---|---|
| 38 | Aegis Holdings (Onshore) Inc. FBO Kirkland Ventures, LLC | 0.26 |
| 39 | Ormond Holdings, LLC | 0.26 |
| 40 | Simms Partners, LLC | 0.26 |
| 41 | Founding Partners Receiver - 154 | 0.23 |
| 42 | Founding Partners Receiver - 156 | 0.23 |
| 43 | James H Ferguson Dec of TR and Nancy B Ferguson Dec of Tr Ten/Co | 0.23 |
| 44 | Edmund C. Woodbury Revocable Living Trust Randi S. Woodbury Rev | 0.22 |
| 45 | H&D Levy Limited Partnership | 0.21 |
| 46 | Edward J. Shultz IRA | 0.21 |
| 47 | Magnuson, David and Carol | 0.21 |
| 48 | Sloan, Gerald | 0.21 |
| 49 | Ammidon, Ashley | 0.17 |
| 50 | Mt. Kenwinn Partners L.P | 0.17 |
| 51 | Foreman, Todd and Tracy | 0.17 |
| 52 | Barmen, Stewart  B. | 0.17 |
| 53 | Maryann Larson, IRA, Charles Schwab Custodian | 0.16 |
| 54 | Cassidy, Douglas and Kathleen | 0.16 |
| 55 | Imageworks Manufacturing, Inc. | 0.16 |
| 56 | Dudley L. Simms III Trust | 0.16 |
| 57 | Mcnitt, Willard C. | 0.15 |
| 58 | Sumnicht Money Masters Fund II Liquidating Trust II | 0.14 |
| 59 | Arthur Daniel Pigott IRA Rollover | 0.14 |
| 60 | Webb Shadle Memorial Fund - 7 | 0.13 |
| 61 | Butterfield Trust (Bermuda) Limited as Trustee of George G. Strong Gift | 0.13 |
| 62 | Douglas J Cassidy IRA Rollover | 0.13 |
| 63 | Simmons, Cal | 0.13 |
| 64 | Lucking, Scott C. and Cynthia B. | 0.13 |
| 65 | Butterfield Trust (Bermuda) Limited as Trustee of Jeanne Adele Strong | 0.13 |
| 66 | Serlin, Cindy F. | 0.13 |
| 67 | Hebert, Jill D. | 0.13 |
| 68 | Founding Partners Receiver - 155 | 0.13 |
| 69 | Wood, Donald C. | 0.13 |
| 70 | John N. Brodson IRA | 0.13 |
| 71 | Thompson Investment Co. | 0.13 |
| 72 | Muslin, Steven H & Carol S | 0.13 |
| 73 | Nancy H. Hart Trust | 0.12 |
| 74 | Olive G Peters Living Trust | 0.12 |
| 75 | Bales, Robert Michael | 0.11 |
| 76 | The Rock of Gainesville | 0.11 |
| 77 | Gregory C Vrablik, IRA Rollover, Charles Schwab Custodian | 0.11 |
| 78 | Fallin, Edward D. | 0.11 |
| 79 | Kerr, L.  Hamilton | 0.11 |
| 80 | William H. Myers Profit Sharing fbo William H. Myers | 0.10 |

| | | |
|---|---|---|
| 81 | Arnold, Alan C & Elizabeth S | 0.10 |
| 82 | Bonewitz, Joseph William | 0.09 |
| 83 | Robert D. Horne IRA | 0.08 |
| 84 | Sanders, Roger M. | 0.07 |
| 85 | Hani Jacob Saleh, M.D. North Shore Assoc. in Gynecology and Obstetri | 0.06 |
| 86 | Austin Highland Holdings LP | 0.06 |
| 87 | Butterfield Trust (Bermuda) Limited as Trustee of George G. Strong Gift | 0.06 |
| 88 | Mary Louise Goebel Trust u a dtd 9 30 92 | 0.06 |
| 89 | Meredith Bluhm Revocable Trust | 0.06 |
| 90 | Karen G. Ridout IRA | 0.05 |
| 91 | Strauch, Gerald O. | 0.05 |
| 92 | Kathleen A. Olberts Living Trust | 0.05 |
| 93 | Kathleen Olberts IRA | 0.05 |
| 94 | Gunlicks-Ridout, Karen | 0.05 |
| 95 | Webb Shadle Memorial Fund - 73 | 0.05 |
| 96 | MLPF&S Cust FBO Sheila M. Potiker ROTH - 184 | 0.04 |
| 97 | MLPF&S Cust FBO Sheila M. Potiker ROTH - 186 | 0.04 |
| 98 | MLPF&S Cust FBO Sheila M. Potiker ROTH - 185 | 0.04 |
| 99 | Uma N. Aggarwal Trust | 0.04 |
| 100 | Sun, Daniel and Alice | 0.04 |
| 101 | Neil H. Smith Revocable Trust | 0.04 |
| 102 | Greenbarg, Todd | 0.04 |
| 103 | Errol T. Galt Roth IRA | 0.04 |
| 104 | Ammidon, Hoyt | 0.04 |
| 105 | Hampton, Donald | 0.04 |
| 106 | William H. Myers Profit Sharing Plan fbo William H. Myers | 0.03 |
| 107 | John Bonnett, IRA Rollover, Charles Schwab Custodian | 0.03 |
| 108 | Alan C Arnold Roth IRA | 0.03 |
| 109 | Hudson Food Stores | 0.03 |
| 110 | Fues, Philip B. | 0.03 |
| 111 | Kathleen Ann Olberts Living Trust | 0.03 |
| 112 | Meyer Family Associates, LLC | 0.03 |
| 113 | Tollefson, Scott | 0.03 |
| 114 | Baldwin, Barbara K. | 0.02 |
| 115 | Lucille E. Robbins Trust u a dtd 7 31 92 | 0.02 |
| 116 | Noble Consulting LLC | 0.02 |
| 117 | Norma J. Pigott IRA Rollover | 0.02 |
| 118 | Joan M Bowers Trust | 0.01 |
| 119 | Greenbarg, Gerson | 0.01 |
| 120 | Chris A Bowers National Advisors Trust IRA Rollover - 216 | 0.01 |
| 121 | Chris A Bowers National Advisors Trust IRA Rollover - 215 | 0.01 |
| | Total * | 100.00% |

\* Due to rounding, totals may not equal 100%

Fill in this information to identify the case and this filing:

Debtor Name    Promise Healthcare #2, Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*):

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* Combined Statement of Corporate Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   11/4/2018
MM / DD / YYYY

x

Signature of individual signing on behalf of debtor

Andrew Hinkelman
Printed name
Chief Restructuring Officer
Position or relationship to debtor